1
2
3
4
5
6
7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11   HAIM ATTIAS,                           )   Case No. CV 18-2334 DMG (JCx)
                                            )
12                         Plaintiff,        )   **ORDER RE THE PARTIES' CROSS-**
                                            )   **MOTIONS FOR SUMMARY**
13          v.                               )   **JUDGMENT [27] [28]**
                                            )
14   KRISTINE R. CRANDALL, Acting            )
                                            )
15   Center Director of Nebraska Service     )
                                            )
16   Center, U.S. Citizenship and Immigration )
                                            )
17   Services,                               )
                                            )
18                         Defendant.        )
                                            )

19
20

21          Before the Court are the parties' cross-motions for summary judgment.   [Doc.

22   ## 27, 28.]  For the reasons set forth below, the Court **GRANTS** Defendant Kristine R.

23   Crandall's motion for summary judgment and **DENIES** Plaintiff Haim Attias' motion for

24   summary judgment.

25                                  **I.**

26                      **PROCEDURAL BACKGROUND**

27          On March 22, 2018, Plaintiff Haim Attias filed a Complaint seeking declaratory

28   and injunctive relief under the Administrative Procedure Act ("APA") against Defendant

1   Kristine R. Crandall, the Acting Center Director of U.S. Citizenship and Immigration
2   Services' ("USCIS's") Nebraska Service Center.  [Doc. # 1.]  Defendant filed an Answer
3   on May 25, 2018.  [Doc. # 13.]
4       On August 31, 2018, the parties filed cross-motions for summary judgment
5   ("MSJs").  [Doc. ## 27, 28.]  The MSJs have since been fully briefed.  [Doc. ## 31, 32,
6   33, 34.]

7                                        **II.**
8                          **FACTUAL BACKGROUND**[1]

9       On May 3, 2015, Plaintiff, a citizen of Israel, was admitted to the United States on
10  a B-2 nonimmigrant visa that was valid until November 2, 2015.  Def.'s Statement of
11  Genuine Disputes ("DSGD") at ¶ 1 [Doc. # 31-2]; Certified Administrative Record
12  ("CAR") at 61 [Doc. # 30].[2]  On September 24, 2015, Plaintiff filed an Application to
13  Extend/Change his nonimmigrant status (Form I-539) from B-2 to B-1.  *See* CAR at 63–
14  64 [Doc. # 30].  On March 8, 2016, USCIS approved Plaintiff's Form I-539 in a notice
15  providing that Plaintiff's B-1 status was valid from February 29, 2016 to April 2, 2016.
16  *Id.*  On April 1, 2016, Plaintiff filed a second Form I-539, wherein he requested an
17  extension of his B-1 status to October 5, 2016.  *See id.* at 62; CAR 283–90 [Doc. # 30-4].

18      On January 26, 2017, Cal State Lighting LLC filed an Immigrant Petition for Alien
19  Worker (Form I-140) that named Plaintiff as the beneficiary and represented that he was
20  a "skilled worker."  *See* CAR at 109–14 [Doc. # 30].  On that same date, Plaintiff filed an
21  Application for Adjustment of Status (Form I-485) that sought to adjust his status to that
22  of lawful permanent resident of the United States.  DSGD at ¶ 6 [Doc. # 31-2].

23      On July 25, 2017, USCIS issued a Notice of Decision that denied the Form I-539
24  request for extension of B-1 status that Plaintiff had filed on April 1, 2016.  *See id.* at ¶ 6;
25  CAR at 178–80 [Doc. # 30-1].  The Notice of Decision concluded that Plaintiff failed to

---

[1] The facts recited in this section are uncontroverted.

[2] With the exception of citations to the CAR, all page references herein are to page numbers inserted by the CM/ECF system.

establish that his stay was temporary, informed Plaintiff that he was thereafter "present in the United States in violation of the law[,]" and stated that he could challenge the Notice of Decision by filing a Form I-290B within 30 days of that date. *See* CAR at 179–80 [Doc. # 30-1]. The record does not indicate that Plaintiff challenged that Notice of Decision.

On November 29, 2017, USCIS approved Cal State Lighting's Form I-140 in a notice providing that the approval did not "in itself grant any immigration status or . . . guarantee that the alien beneficiary [would] subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status." *See* CAR at 43 [Doc. # 30]. On December 12, 2017, Cal State Lighting sent USCIS a letter requesting that the agency withdraw its approval of the Form I-140. *Id.* at 105. On December 18, 2017, Plaintiff filed a Supplement J to his Form I-485, which requested that his Form I-485 be considered in connection with a new employment opportunity at Light and Green Inc. *See id.* at 35–42. USCIS approved this request on February 6, 2018. *See id.* at 35.

On February 9, 2018, USCIS issued a Decision denying Plaintiff's Form I-485 on the ground that Plaintiff was ineligible for permanent residency pursuant to 8 U.S.C. section 1255(c).[3]  *See* DSGD at ¶ 7 [Doc. # 31-2]; CAR at 25–27 [Doc. # 30]. In particular, USCIS found that Plaintiff failed to maintain a valid nonimmigrant status from April 3, 2016 (*i.e.*, the day after his B-1 status expired) to January 25, 2017 (*i.e.*, the day before Plaintiff filed the Form I-485) because his second Form I-539 request for extension of B-1 visa had been denied on July 25, 2017. *See* CAR 27 [Doc. # 30]. USCIS also concluded that because Plaintiff failed to continuously maintain lawful status for a period in excess of 180 days, he was ineligible for the exemption provided under 8

---

[3] Title 8 U.S.C. section 1255(c) provides in pertinent part that an alien's status may not be adjusted to that of a lawful permanent resident if he or she "is in unlawful immigration status on the date of filing the application for adjustment of status or . . . has failed (other than through no fault of his [or her] own or for technical reasons) to maintain continuously a lawful status since entry into the United States . . . ." *See* 8 U.S.C. § 1255(c)(2).

-3-

1  U.S.C. § 1255(k).[4]  *See* CAR 27 [Doc. # 30].  On February 15, 2018, Plaintiff filed a
2  Form I-290B seeking reconsideration of USCIS's denial of his Form I-485 and
3  challenging the agency's interpretation of 8 U.S.C. section 1255(c).  DSGD at ¶ 8 [Doc. #
4  31-2].  On March 13, 2018, USCIS issued a Decision dismissing Plaintiff's Form I-290B,
5  again concluding that Plaintiff failed to maintain valid nonimmigrant status from April 3,
6  2016 to January 25, 2017.  CAR 4–6 [Doc. # 30].  On March 22, 2018, Plaintiff filed the
7  instant action.  Compl. at 1 [Doc. # 1].

### III.

### LEGAL STANDARDS

10      Summary judgment should be granted "if the movant shows that there is no
11  genuine dispute as to any material fact and the movant is entitled to judgment as a matter
12  of law."  Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207,
13  1216 (9th Cir. 2011).  In an action under the APA, a court may set aside an agency's
14  action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance
15  with law[.]"  5 U.S.C. § 706(2)(A).  "The 'arbitrary or capricious' standard is appropriate
16  for resolutions of factual disputes implicating substantial agency expertise[,]" whereas
17  "[p]urely legal questions are reviewed *de novo*."  *Akiak Native Cmty. v. U.S. Postal Serv.*,
18  213 F.3d 1140, 1144 (9th Cir. 2000).  An agency decision is "arbitrary and capricious" if
19  it is not supported by "substantial evidence[,]" which is "such relevant evidence as a
20  reasonable mind might accept as adequate to support a conclusion."  *See ASSE Int'l, Inc.*

---

[4] Title 8 U.S.C. section 1255(k) provides in relevant part that an alien who is eligible to receive an immigrant visa pursuant to Section 1153(b)(3) as a skilled worker may adjust his or her status to that of a lawful permanent resident notwithstanding Section 1255(c)(2) if:

> (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission; [and]
> (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days—
>       (A) failed to maintain, continuously, a lawful status;
>       (B) engaged in unauthorized employment; or
>       (C) otherwise violated the terms and conditions of the alien's admission.

*See* 8 U.S.C. § 1255(k).

1   *v. Kerry*, 803 F.3d 1059, 1072 (9th Cir. 2015) (quoting *Bonnichsen v. United States*, 367
2   F.3d 864, 880 n.19 (9th Cir. 2004)) (internal quotation marks omitted).   "Generally,
3   judicial review of an agency decision is limited to the administrative record."   *First Nat.*
4   *Bank & Trust, Wibaux, Mont. v. Dep't of Treasury*, 63 F.3d 894, 897 (9th Cir. 1995).

5                                          **IV.**

6                                    **DISCUSSION**

7          Plaintiff argues that USCIS erroneously concluded that 8 U.S.C. section 1255(c)(2)
8   precluded him from adjusting his status to that of a lawful permanent resident.   *See* Pl.'s
9   MSJ at 7 [Doc. # 28].   He contends that Section 1255(c)(2)'s bar did not apply because
10  he failed to maintain continuous lawful status "through no fault of his own or for
11  technical reasons."   *See id.* (quoting 8 U.S.C. § 1255(c)(2)).   Plaintiff points out that
12  USCIS's regulations provide that "[t]he parenthetical phrase other than through no fault
13  of his or her own or for technical reasons [found in Section 1255(c)(2)] shall be limited
14  to" (*inter alia*) "[a] technical violation resulting from inaction of [USCIS] (as for
15  example, where an applicant establishes that he or she properly filed a timely request to
16  maintain status and [USCIS] has not yet acted on that request)."   *See* 8 C.F.R.
17  § 245.1(d)(2)(ii); Pl.'s MSJ at 7–9 [Doc. # 28].   According to Plaintiff, this regulation
18  establishes that his failure to maintain continuous lawful status was attributed to a
19  "technical violation" for the purposes of Section 245.1(d)(2)(ii) because at the time he
20  submitted his Form I-485, his Form I-539 was still pending before USCIS.   *See* Pl.'s MSJ
21  at 7–10 [Doc. # 28].

22         USCIS has adopted a different interpretation of Section 245.1(d)(2)(ii).   The
23  agency's policy manual provides that in order to benefit from this regulation, the alien
24  must have filed an "application to extend or change nonimmigrant status *that was*
25  *meritorious in fact*, not frivolous or fraudulent, or otherwise designed to delay removal or
26  departure from the United States[.]"   *See* USCIS Policy Manual, Vol. 7, Part B, Ch. 4, at
27  § E.2 & n.33, *available at* https://www.uscis.gov/policymanual/HTML/PolicyManual-
28  Volume7-PartB-Chapter4.html   (last   visited   Oct.   13,   2018)   (citing   8   C.F.R.

§ 245.1(d)(2)(ii)).[5]  Under this approach, "USCIS considers [a] foreign national to have continuously maintained lawful status for purposes of adjusting status" if that alien's request to maintain status is approved after the expiration of his or her visa.  *See id.*  "In contrast, if USCIS denie[s] the extension application, the foreign national would have fallen out of status [upon the expiration of the visa] and would be barred from adjusting status, unless an exemption applies" (*e.g.*, Section 1255(k)).  *See id.*  USCIS has utilized this approach since at least July 2008.  *See* Def.'s MSJ, Ex. A at 6 (Donald Neufeld, Memorandum on Applicability of Section 245(k) to Certain Employment-Based Adjustment of Status Applications Filed Under Section 245(a) of the Immigration and Nationality Act (July 14, 2018) [*hereinafter* Neufeld Memo]) ("[I]f an alien applied for adjustment of status three days prior to the expiration of his or her nonimmigrant status and the adjustment of status application was eventually denied, the alien will not be considered to be in lawful status after the expiration of the nonimmigrant status.") [Doc. # 27-2].[6]

"An agency's interpretation of its own regulation is 'controlling' if it is not 'plainly erroneous or inconsistent' with the regulation."  *L.A. Closeout, Inc. v. Dep't of Homeland Sec.*, 513 F.3d 940, 942 (9th Cir. 2008) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).  "Under this standard, [courts] defer to the agency's interpretation of its regulation unless an alternative reading is *compelled* by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's

---

[5] The Court takes judicial notice of the USCIS Policy Manual, along with the Neufeld Memo and Adjudicator's Field Manual discussed *infra*.  *See Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d 1230, 1243 (C.D. Cal. 2005) (quoting *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005)) ("It is well established that '[a] court may take judicial notice of records and reports of administrative bodies[.]'").

[6] Plaintiff suggests that the Neufeld Memorandum has no bearing on the proper interpretation of Section 1255(c)(2) because it concerns only Section 1255(k).  *See* Pl.'s MSJ at 9–10.  In fact, the Neufeld Memorandum construes Section 1255(k), Section 1255(c)(2), and Section 245.1(d)(2).  *See* Neufeld Memo at 6–7.

1  promulgation."[7]  *Id.* (emphasis in original) (quoting *Bassiri v. Xerox Corp.*, 463 F.3d 927,
2  931 (9th Cir. 2006)).

3  USCIS's interpretation is not plainly erroneous or inconsistent with
4  Section 245.1(d)(2)(ii).  Nothing in the text of the regulation bars USCIS from
5  concluding that its bureaucratic delay must be the sole or "but for" cause of the alien's
6  failure to maintain continuous lawful status.  *See* 8 C.F.R. § 245.1(d)(2)(ii) (discussing
7  "[a] technical violation *resulting from* inaction of [USCIS]"); *Result*, Merriam-
8  Webster.com, https://www.merriam-webster.com/dictionary/result (last visited
9  Oct. 13, 2018) (defining "result" as a verb meaning "to proceed or arise as a
10 consequence, effect, or conclusion").  Under that approach, USCIS's failure to promptly
11 act on an extension request that is ultimately approved could be considered the sole cause
12 of the alien's failure to maintain continuous lawful status.  Had USCIS expeditiously
13 approved the request, then the alien's lawful status would not have expired and he or she
14 presumably could have maintained that status until the alien sought lawful permanent
15 residence.  On the other hand, if USCIS ultimately denied the alien's request to maintain
16 status, then the alien would not have been entitled to lawful status after his or her visa
17 expired, regardless of whether USCIS had promptly acted upon that request.  Under those
18 circumstances, the alien's failure to "maintain continuously a lawful status" is not solely
19 the result of USCIS's bureaucratic inaction.[8]

21  [7] Plaintiff attempts to invoke the "general rule of construction" that an ameliorative rule should
22  be "applied in an ameliorative fashion."  *See* Pl.'s MSJ at 20 (quoting *Hernandez v. Aschroft*, 345 F.3d
823  824, 840 (9th Cir. 2003)).  Plaintiff further claims that this canon is particularly appropriate "in the
24  immigration context where doubts are to be resolved in favor of the alien."  *See id.* (quoting *Hernandez*,
345  345 F.3d at 840).  *Hernandez*'s rule of construction is inapposite, however, because USCIS's agency
25  materials interpret Section 245.1(d)(2)(ii).  *See Hernandez*, 345 F.3d at 839 n.13 (concluding that the
Board of Immigration Appeals did not intend to interpret the regulatory phrase at issue in that case).

26  [8] Had USCIS expeditiously denied an alien's request to maintain status, then the alien may have
27  departed the country before his or her visa expired.  Because there is no guarantee that the alien would
have done so, however, USCIS could reasonably conclude that its inaction is not the sole cause of the
28  alien's failure to maintain continuous lawful status.

1      This interpretation can be easily reconciled with the example included in the

2  regulation. The latter may simply describe a scenario in which USCIS's inaction was the

3  sole cause of an alien's failure to maintain continuous lawful status—*i.e.*, USCIS did not

4  promptly act on a properly filed and timely request to maintain status. The example does

5  not establish that "[a] technical violation result[s] from" USCIS's inaction if the agency

6  eventually determines that the alien is not entitled to an extension of lawful status. In

7  fact, the example is silent on that issue and does not purport to modify the general rule

8  preceding it. *Cf. Abbott v. Sullivan*, 905 F.2d 918, 926–28 (6th Cir. 1990) (concluding

9  that an example included in a regulation was "intended merely to illustrate" the manner in

10  which a rule applied to a particular situation).

11      Thus, Plaintiff's interpretation of Section 245.1(d)(2)(ii) is not compelled by the

12  regulation's language. Moreover, Plaintiff does not otherwise show that USCIS's

13  interpretation is inconsistent with the intentions its predecessor expressed in

14  promulgating the regulation. Consequently, USCIS's construction of Section

15  245.1(d)(2)(ii) controls this Court's analysis.[9] *See L.A. Closeout*, 513 F.3d at 942.

16      Under USCIS's interpretation of the regulation, Plaintiff's failure to maintain

17  continuous lawful status did not arise from "[a] technical violation resulting from inaction

18  of [USCIS]." *See* 8 C.F.R. § 245.1(d)(2)(ii). This is because USCIS ultimately denied

---

[9] Plaintiff argues for the first time in his reply brief that USCIS's interpretation raises "serious due process concerns" because on "the very day [the agency] denied his I-539, without warning, Plaintiff became subject to a three-year bar of admissibility" due to his extended "unlawful presence" in the country. *See* Pl.'s Reply re MSJ at 11 (citing 8 U.S.C. § 1182(a)(9)(B)(i)) [Doc. # 34]. Because Plaintiff was well aware of USCIS's interpretation long before he filed his reply brief, *see, e.g.*, Pl.'s MSJ at 17–18, the Court need not consider this belated argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Further, aside from 8 U.S.C. section 1182(a)(9)(B)(i), Plaintiff cites virtually no authority for this proposition. *See* Pl.'s Reply re MSJ at 11 [Doc. # 34]. In any event, his concerns are unfounded because USCIS does not consider an alien to be "unlawfully present" while a non-frivolous application for extension of status is pending. *See* Adjudicator's Field Manual, § 40.9.2(b)(2)(G), *available at* https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1/0-0-0-17138/0-0-0-18383.html#0-0-0-1843 (last visited Oct. 13, 2018); *see also Chaudry v. Holder*, 705 F.3d 289, 292 (7th Cir. 2013) ("It is entirely possible for aliens to be lawfully present (*i.e.*, in a 'period of stay authorized by the Attorney General') even though their lawful status has expired.").

-8-

the Form I-539 that was pending when Plaintiff had requested an adjustment of status to that of a permanent resident, and Plaintiff apparently did not challenge that determination even though he had the opportunity to do so.  *See* CAR at 179–80 (Notice of Decision re Form I-539) [Doc. # 30-1].   Therefore, Plaintiff's failure to continuously maintain a lawful status from April 3, 2016 to January 25, 2017 is not excused under Section 1255(c)(2).[10]  It follows that USCIS's denial of Plaintiff's request to adjust his status was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  *See* 5 U.S.C. § 706(2)(A).

## V.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's APA claim and **DENIES** Plaintiff's motion for summary judgment.  The October 19, 2018 hearing is **VACATED**.[11]

**IT IS SO ORDERED.**

DATED:  October 17, 2018

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[10] Because "Plaintiff concedes that he was out of status for more than 180 days and does not fall within the exception set forth in Section 1255(k)[,]" *see* Pl.'s Opp'n to Def.'s MSJ at 8 [Doc. # 32], the Court need not examine that aspect of USCIS's denial of his Form I-485.

[11] The Court deems this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.